**Frances M. COLE, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 16755.**

United States Court of Appeals
Eighth Circuit.

Dec. 28, 1961.

James A. Poynor, Joplin, Mo., filed brief for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Department of Justice, Washington, D. C. and Lee A. Jackson, A. F. Prescott, Karl Schmeidler, Attorneys, Department of Justice, Washington, D. C., filed brief for appellee.

Before SANBORN, MATTHES and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

The Commissioner of Internal Revenue on July 29, 1957, advised Frances M. Cole that the determination of the income tax liability of her husband, Charles N. Cole, of Joplin, Missouri, for the years 1951, 1952 and 1953 disclosed deficiencies and penalties aggregating $46,049.94, and that $12,000 of that amount had been as-

sessed against her as transferee of assets of her husband. Mrs. Cole petitioned the Tax Court for a redetermination of her asserted liability as a transferee. The court sustained the Commissioner. Mrs. Cole asks that we review and reverse the decision of the Tax Court.

The evidentiary facts are not in dispute. Charles N. Cole, during the taxable years in suit, operated a filling station and liquor store at Joplin, Missouri, on real estate which had been deeded to his wife by a third party on February 8, 1950, for an indicated price of $1,500. The Coles resided on this property.

Charles Cole filed no Federal Income Tax returns for the years 1951 to 1953 inclusive, and his deficiencies in tax, plus additions, for those years aggregated $46,049.64.

Three loans were obtained by the Coles from the Carthage Loan and Investment Company, of Carthage, Missouri. The first loan, for $8,000, was made on July 21, 1950; the second loan, for $12,000, was made on July 20, 1951; and the third loan, for $15,000, was made on April 15, 1953. Each of the loans was evidenced by a joint note of the Coles secured by a deed of trust executed by both of them covering the above-mentioned property of the wife and all buildings and service station equipment thereon. The proceeds of each succeeding loan were, so far as necessary, used to pay the balance due on the previous loan and to satisfy the deed of trust securing that loan. On August 18, 1955, when the balance due on the third loan was $12,000, Charles Cole, accompanied by his wife, came to the Investment Company and paid the $12,000 in cash to the head note teller. The note was marked paid and the deed of trust was discharged of record.

On August 18, 1955, in addition to his tax liability, Charles Cole owed $16,323.-64 to trade creditors. The balance in his and his wife's joint checking account was $1,153.04. He was insolvent on that date. Extensive and continued efforts by the Commissioner to collect the tax liability of Charles Cole were fruitless, as were the efforts of his other creditors to collect what he owed them.

The Tax Court found that the payment by Charles Cole on August 18, 1955, of $12,000 to discharge the encumbrance upon his wife's real estate was, under Missouri law, a transfer made to her in fraud of his creditors. The court recognized that the existence and extent of the transfer liability of Frances Cole was to be determined by applicable State law (Commissioner of Internal Revenue v. Stern, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126)—the law of Missouri.

The sole question for decision is whether the petitioner, under Missouri law, became a transferee of assets of her husband as a result of his payment of $12,-000 in satisfaction of their joint note and in discharge of the deed of trust upon the property covered by it.

■ Under Missouri law, a transfer of money or property by a debtor in settlement of an honest debt is not a fraudulent conveyance or assignment, even though the debtor is insolvent at the time and the transfer disables him from paying his other creditors. In Bangs Milling Co. v. Burns, 152 Mo. 350, 53 S.W. 923, 930, the Supreme Court of Missouri said:

"* * * The sole purpose and object of the statute on the subject of fraudulent conveyances are to secure the appropriation of the debtor's property to the payment of his debts,—not all of his debts, however, but such part thereof as he can and prefers to pay, else all preferences would be prohibited; and when, therefore, the result of any given conveyance is to appropriate the property conveyed, at a fair valuation, to the payment of an honest indebtedness, or a part thereof, it cannot fall within the condemnation of the statute, for, as said above, what the law directly sanctions it will not by indirection condemn. So long as the entire property conveyed is subjected to the payment of some

**176**

honest debt of the grantor, the conveyance is honest and lawful; so long as nothing is taken from the creditors of the grantor, the transaction cannot be fraudulent against them; and, so long as the property is subject to the payment of an honest debt, it cannot be said to be withdrawn from the creditor of the grantor. * * * "

See, also: Wall v. Breedy, 161 Mo. 625, 642, 61 S.W. 864, 866; Citizens' Bank of Hayti v. McElvain, 280 Mo. 505, 219 S.W. 75; Burston v. Fennewald, 222 Mo. App. 128, 2 S.W.2d 824, 828; Friedel v. Bailey, 329 Mo. 22, 44 S.W.2d 9, 15; Allison v. Mildred (Mo.), 307 S.W.2d 447, 456.

In Koenig v. Oswald, 8 Cir., 82 F.2d 85, 88, this Court said of the statute of Missouri making conveyances to defraud creditors void: [1]

> " * * * The statute of Missouri has been frequently passed on by its Supreme Court and it is settled that an insolvent debtor has the right to prefer and pay one of his creditors, though such payment exhausts his resources and leaves him without means to pay any others. * * * "

■ There is no suggestion that the joint note of the Coles to the Carthage Loan and Investment Company was not an honest debt or that the balance owing on the note was not $12,000 on August 18, 1955. Charles Cole as a cosigner of the note was unquestionably indebted to the Investment Company in that amount, since both he and his wife were jointly and severally obligated to pay the note. Charles Cole having paid the $12,000 to satisfy his bona fide indebtedness on the note, the payment was not in fraud of his creditors under Missouri law, and his wife was not liable to assessment as a transferee of his assets under Section 311(a) (1) of the Internal Revenue Code of 1939.[2]

Frances Cole was unquestionably the beneficiary of a preferential payment of a debt by her husband, but she was not a transferee of his assets in fraud of his creditors.

The decision of the Tax Court is reversed.

---

1. Now Chapter 428, Revised Statutes of Missouri 1949, § 428.020, V.A.M.S.